IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THEA SAARI,

        Plaintiff,

v.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social
Security Administration,

        Defendant.

6:16-cv-00567-BR

OPINION AND ORDER

**BRUCE W. BREWER**
1336 E. Burnside
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

        Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill, who became Acting Commissioner of the Social Security Administration on January 23, 2017, is automatically substituted in place of Carolyn W. Colvin.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2732

Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Thea Saari seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for DIB and SSI on September 28, 2012, and alleged a disability onset date of June 5, 2006. Tr. 195, 216.[2] Her applications were denied initially and on reconsideration. An Administrative Law Judge

---

[2] Citations to the official transcript of record filed by the Commissioner on October 7, 2016, are referred to as "Tr."

2 - OPINION AND ORDER

(ALJ) held a hearing on February 21, 2014. Tr. 50-78. At the hearing Plaintiff and a vocational expert (VE) testified. Plaintiff was represented by an attorney.

On June 6, 2014, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 25-39. On January 29, 2016, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on December 23, 1979. Tr. 195. Plaintiff was 34 years old at the time of the hearing. Tr. 54. Plaintiff has a high-school equivalency diploma. Tr. 55, 220. Plaintiff does not have any past relevant work experience. Tr. 37, 59.

Plaintiff alleges disability due to bipolar disorder, anxiety disorder, depression, and "back pain." Tr. 219.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 27-37.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina,* 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine,* 574 F.3d at 690).

4 - OPINION AND ORDER

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R.

5 - OPINION AND ORDER

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her June 5, 2006, alleged onset date. Tr. 27.

At Step Two the ALJ found Plaintiff has the severe impairments of "mild mid-level thoracic spondylosis," migraines, obesity, diabetes mellitus, bipolar disorder, anxiety disorder, and borderline intellectual functioning. Tr. 27-28.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 29-32. In particular, the ALJ found, among other things, that Plaintiff did not meet the "paragraph C" criteria under Listing 12.05 for intellectual disorder because Plaintiff's full-scale IQ score was invalid.[3] Tr. 32.

The ALJ found Plaintiff has the RFC to perform light work with an option to "sit or stand at will and at a frequency that will not interfere with the performance of essential tasks." Tr. 32. The ALJ further limited Plaintiff as follows: "She can understand, remember, and carry out simple instructions in a setting with no public contact and occasional coworker contact but no teamwork assignments." Tr. 32.

At Step Four the ALJ concluded Plaintiff has not engaged in any past relevant work. Tr. 37.

At Step Five, however, the ALJ found Plaintiff is capable of performing other jobs existing in the national economy as an assembler of small products, an electronic assembler, and a computer-controlled color-printer operator. Tr. 37-38.

---

[3] Since the Commissioner's decision became final, Listing 12.05 has been amended significantly and, in particular, paragraph C has been eliminated. See 81 Fed. Reg. 66138 (Sept. 26, 2016). The new regulations, however, went into effect on January 17, 2017. See id. at 66138. Because the Commissioner issued her final decision on January 29, 2016, the Court applies the regulations in effect at that time.

Accordingly, the ALJ found Plaintiff is not disabled.

**DISCUSSION**

Plaintiff contends the ALJ erred when she (1) did not find Plaintiff disabled based on her intellectual disorder at Step Three under Listing 12.05 and (2) discredited Plaintiff's testimony.

**I.  Step Three**

Plaintiff contends the ALJ erred when she did not find Plaintiff disabled at Step Three because the ALJ improperly found Plaintiff's intellectual disorder did not meet the criteria of paragraph C, Listing 12.05.

Under the regulations in effect at the time the Commissioner's decision became final, paragraph C of Listing 12.05 provided:

> Intellectual disability:  Intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> * * *
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function;

20 C.F.R. pt. 404, subpt. P, App. 1 at 517 (2015)(*available at* https://www.gpo.gov/fdsys/pkg/CFR-2015-title20-vol2/pdf/CFR-2015-title20-vol2-part404-subpartP-app1.pdf).

Under paragraph C, Listing 12.05, the ALJ had the authority to determine whether an IQ score satisfied the requirements of Listing 12.05C and, therefore, was "valid." *See Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008)("We do not doubt that an ALJ can decide that an IQ score is invalid. The regulations' inclusion of the word "valid" in Listing 12.05C makes the ALJ's authority clear."). *See also Jones v. Colvin*, 149 F. Supp. 3d 1251, 1258 (D. Or. 2016). "[T]he ALJ may rely on external evidence of a score's invalidity, such as improper testing conditions or a claimant's participation in activities inconsistent with the IQ score." *Jones*, 149 F. Supp. 3d at 1258. "[A]n ALJ's rejection of otherwise valid scores" must be "supported by substantial evidence." *Moore v. Colvin*, No. 1:15-cv-00918-JE, 2017 WL 525120, at *4 (D. Or. Jan. 10, 2017). *See also Markle v. Barnhart*, 324 F. 3d 182, 187 (3d Cir. 2003) (finding an ALJ's conclusion that an individual's full-scale IQ was greater than 70 "was not supported by substantial evidence.").

The ALJ noted Emil Slatick, Ph.D., assessed Plaintiff as having a full-scale IQ of 67 on April 11, 2013. Tr. 32, 481. The ALJ, however, found this IQ score was invalid because

(1) there are not any other "IQ tests in the record to confirm the scores [Plaintiff] obtained under Dr. Slatick" and

(2) Plaintiff's IQ score was inconsistent with the fact that Plaintiff obtained her high-school equivalency diploma, worked in a variety of jobs, and cared for her three children.

After the ALJ issued her decision (but before the Appeals Council concluded its review), Plaintiff submitted a Psychological Evaluation from 1996 when Plaintiff was 16 years old in which Richard W. Hess, Ph.D., assessed Plaintiff with a full-scale IQ of 65. Tr. 565. Accordingly, the parties agree the ALJ's rejection of Dr. Slatick's assessment of Plaintiff's IQ on the basis that there is not any other IQ score in the record is no longer correct.

The Court, nonetheless, finds substantial evidence supports the ALJ's finding that Plaintiff, in fact, functions at a higher level than the full-scale IQ scores indicate. As noted, the ALJ correctly pointed out that Plaintiff completed her high-school equivalency. Although Plaintiff notes she reported during a Psychodiagnostic Evaluation with Gregory A. Cole, Ph.D., that she received special-education services, she denied receiving any such services in her Disability Report submitted to the Social Security Administration. Tr. 220, 435. Moreover, in further support of the ALJ's finding that Plaintiff's academic performance indicates Plaintiff operates at a higher degree of

functionality than her IQ score suggests, the Court notes Dr. Hess found Plaintiff "operate[s] academically at a level above that expected from her psychological potential." Tr. 567.

In addition, the ALJ reasonably found Plaintiff's activities of daily living supported her finding that Plaintiff operates at a higher level of functioning than her IQ scores suggest. At the hearing and in her Adult Function Report Plaintiff reported she shops, cooks, cleans, cares for her three children, and helps her children with their homework. Tr. 63-64, 241. Accordingly, the ALJ reasonably found Plaintiff's daily activities also indicate a greater degree of functioning than Plaintiff's IQ scores suggest.

Finally, the ALJ reasonably cited Plaintiff's previous work activity as a further indication that Plaintiff functioned at a level that exceeded her IQ scores. Plaintiff reported working 12 prior jobs from 1999 through 2009 as a telemarketer, groundskeeper, cashier, and housekeeper. Tr. 226. Although the ALJ found none of these jobs constituted either substantial gainful activity during the relevant period or past relevant work (Tr. 27, 37, 59), the ALJ, nonetheless, found Plaintiff's work history was another indication that she functions at a higher level than her IQ scores suggest. Plaintiff, however, contends her work history is so sporadic that it does not support the ALJ's finding. Plaintiff attributed her struggle to hold a job consistently to her bipolar disorder, anxiety, or other

nondisability reasons rather than to her intellectual disorder. Tr. 72, 219. Accordingly, the ALJ reasonably concluded Plaintiff's work history indicated she functions at an intellectual level that is greater than her IQ scores reflect.

On this record the Court finds the ALJ's conclusion that Plaintiff's IQ scores were invalid is supported by substantial evidence. Accordingly, the Court concludes the ALJ did not err when she concluded Plaintiff did not meet the criteria of paragraph C of Listing 12.05 in effect at the time the Commissioner issued her final decision.

II. **Plaintiff's Testimony**

As noted, Plaintiff also contends the ALJ erred when she discredited Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). *See also Spelatz v. Astrue*, 321 F. App'x 689, 692 (9th Cir. 2009). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). *See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F.

App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834).

At the February 21, 2014, hearing, Plaintiff testified she cooks, shops, and cleans for her three children, but sometimes needs their help. Tr. 62-64. Plaintiff stated the primary conditions that prevent her from working are her anxiety and bipolar disorder because she has trouble remembering and following directions. Tr. 64. In addition, Plaintiff stated she has "shooting pain" in her feet. Tr. 70-71. Plaintiff also stated she has "really bad[,] severe back pain" that she experiences every day for four years. Tr. 65.

Plaintiff reported she is able to walk for approximately 30 minutes at a slow pace before she needs to stop and rest, can lift approximately 15 pounds, can sit comfortably for 45 minutes, and is able to stand for 30 minutes. Tr. 66-68. Plaintiff

testified she is able to use public transportation, but she "get[s] anxiety around other people." Tr. 68. Plaintiff stated she uses marijuana "a couple of times a month." Tr. 69. Plaintiff testified she was either fired from or quit her previous jobs because she became overwhelmed due to her bipolar disorder. Tr. 72.

In her Adult Function Report Plaintiff reported her bipolar disorder, anxiety, mood swings, memory problems, and back pain limit her ability to work. Tr. 240. Plaintiff stated in a typical day she helps prepare her children to go to school, cares for her two-year-old daughter, cleans "as best [she] can when [she is] not in pain," and requires rest breaks. Tr. 241. Plaintiff reported her conditions have limited her abilities to multitask; to communicate with the public without anxiety; and to lift, to bend, and to stand for extended periods. Tr. 241. Plaintiff indicated she has difficulty sleeping as a result of her back pain and bipolar disorder. Tr. 241. Plaintiff reported her hobbies and interests include beading jewelry, watching television, planting flowers, making picture collages, reading, playing with her children, swimming, taking short walks, and going on bike rides. Tr. 244.

Plaintiff stated it is difficult to lift more than 10 or 15 pounds; to stand for more than one hour; and to bend, to squat, or to kneel. Tr. 245. Plaintiff reported her bipolar disorder,

depression, and anxiety affect her memory as well as her abilities to concentrate and to understand, and, accordingly, she has difficulty following spoken instructions but follows written instructions well. Tr. 245. Plaintiff stated she has difficulty handling stress because she "get[s] emotional and confused a lot." Tr. 246.

The ALJ discredited Plaintiff's testimony because (1) Plaintiff's subjective complaints were not fully supported by the objective medical record, (2) Plaintiff demonstrated poor compliance with medical and psychological treatment, (3) Plaintiff's activities of daily living were inconsistent with her alleged level of disability, (4) some of Plaintiff's motivation to obtain treatment appeared to be for the secondary-gain motivation of obtaining disability benefits, and (5) Plaintiff made inconsistent statements regarding her use of marijuana.

The Court concludes the ALJ provided clear and convincing reasons supported by substantial evidence in the record to discredit Plaintiff's testimony. The ALJ reasonably found Plaintiff's allegations, in particular with respect to her back and foot pain, were not supported by the objective medical record. The ALJ correctly noted the medical record with respect to Plaintiff's back pain is very sparse until 2012, and even then the imaging of Plaintiff's back resulted in only mild findings.

Tr. 407-08. Similarly, references to Plaintiff's foot pain only appear in the medical record in 2013, and, aside from occasional short-term pain relief, her foot pain was generally treated conservatively. Tr. 427-29, 448, 455-56.

The ALJ also reasonably found Plaintiff did not satisfactorily comply with medical and psychological treatment. Plaintiff unilaterally discontinued or declined to take medication prescribed to treat her bipolar disorder and anxiety on multiple occasions. Tr. 309, 322, 337, 403, 471. Moreover, Plaintiff's primary-care physician also repeatedly identified Plaintiff's lack of effort as a reason that her back pain did not improve. Tr. 446 ("[Patient] has the same complaints, no results as she has not really tried much of anything to work towards her goals of getting better"); Tr. 456 ("[Patient] making no progress with her lac[k] of efforts to improve her overall situation"); Tr. 467-69.

The ALJ also reasonably noted Plaintiff's mental-health providers at Lincoln County Health & Human Services Mental Health Department noted Plaintiff initially indicated she was referred to them "by DHS as she is applying for SSI" and that Plaintiff requested an "'unable to work' assessment." Tr. 513. Although Plaintiff had numerous follow-up appointments with the Mental Health Department during her treatment there between October 2012 and May 2013, she cancelled, missed, or was late to 11 of those

appointments for a variety of reasons. Tr. 490-95, 498, 502-03, 508-09.

Accordingly, on this record the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for discrediting Plaintiff's testimony.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 28th day of April, 2017.

_____
ANNA J. BROWN
United States District Judge